```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Christopher Odom, | ) C/A No.: 3:12-18-RMG-JRM |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Governor Nikki Haley; | ) |
| Mayor Joseph Riley; and | ) |
| General Counsel of SCDMH, | ) |
| | |
| Respondents. | |

Plaintiff, Christopher Odom, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is being held at Charleston County Detention Center (CCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge.

Plaintiff states he has been involuntarily placed in mental health facilities a number of times, and maintains this is "cruel and unusual punishment, torture to include but not limited malicious prosecution." He also alleges the Defendants [South Carolina] Governor Nikki Haley, [Charleston, South Carolina] Mayor Joseph Riley, and the General Counsel of SCDMH [South Carolina Department of Mental Health] are "negligent/grossly negligent" of a variety of "injuries/incidental claims." A portion of the Complaint lists the docket numbers of prior court cases filed by the Plaintiff, warrant numbers from Plaintiff's prior arrests, and names several individuals. These numbers and individuals are then described by the Plaintiff as the "injuries/incidental claims." Complaint, at 3.

In his prayer for relief, Plaintiff wants the federal government (who is not a defendant in this action) to "make revisions of laws to protect all American Citzens (sic) i.e. the poor, the rich, the needy, <u>the mute</u> (emphasis in original), the old, the young, the special needs persons the cancer patient, the dialysis patient, the dumb, the blind, the deaf, the people of all races and walks of life to include but not limited the judges, the attorneys, the doctors, nurses, the widower and the motherless and fatherless child from mis-placement in a mental health institution/institution to extort out of his or her wealth, inheritance, fruits of his or her labors and or to simply discredit him or her." He also asks "the Defendants to repay the gov't for this lawsuit and [unclear] law-suit in reference to this atrocity ... medical/mental health reparations from private/non-affiliated medical providers ... preparations for the Plaintiff in the amount of $$$$ billions of dollars." <u>Complaint</u>, at 4.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."

*Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

To the extent Plaintiff is challenging his confinement at the CCDC, his § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 467-468; *see also Schafer v. Moore*, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996).

Although the decision in *Heck v. Humphrey* concerned a conviction, its rationale is also applicable to pre-trial detainees. *See Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); *Norris v. Super Cab Co.*, No. C-94-3841MHP 1994 WL 665193 (N.D.Cal. Nov. 15, 1994)(unpublished); *Daniel v. Ruph*, No. C-94-3317EFL 1994 WL 589352 (N.D.Cal. Oct. 12, 1994).

Plaintiff alleges that he has been involuntarily placed in mental health facilities a number of times, and maintains this is "cruel and unusual punishment, torture to include but not limited malicious prosecution." Prior detentions, however, even those that were the result of a civil commitment, would be barred by the holding in *Heck*. *See Huff v. Attorney General of Va.*, No. 3:07cv744, 2008 WL 4065544 (E.D.Va. August 26, 2008), *citing Wood v. Wood El*, No.Civ.A. 05-1447 RBK, 2005 WL 1899335, at * 4 (D.N.J. Aug. 5, 2005)(rejecting a § 1983 challenge to an involuntary civil commitment because the involuntary commitment had not been invalidated as required by *Heck*); *Delaney v. Comm'r of Dep't of Mental Health*, No. C.A. 92-12025-MLW, C.A. 92-12026-MLW, 1998 WL 113852, at * 5 n. 3 (D. Mass. Mar.5, 1998)(noting that *Heck* and *Balisok* would bar an award of damages for unlawful civil commitment because such award "would necessarily imply the invalidity of the underlying commitment order").

Additionally, there has been no showing by the Plaintiff that any of the Defendants were personally involved in any of the events that gave rise to the allegations in this case. Consequently,

liability under § 1983 may not be imposed upon them. *See Horton v. Marovich*, 925 F. Supp. 540 (N.D.Ill. 1996)("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right.").

In any event, it is a well settled rule of law that claims of negligence do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Negligence is a cause of action under South Carolina law, and would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. Nov. 22, 1993) [Table].

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 & nn. 13-16 (1978). This court has no diversity jurisdiction under 28 U.S.C. § 1332 because the plaintiff and the defendants in this case are residents of the State of South Carolina. Hence, complete diversity of parties is absent in the case *sub judice*.

Finally, Plaintiff does not have standing to assert claims on behalf of other individuals. *See Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has

standing to sue, must focus on the status of the party who has filed the complaint). If a plaintiff lacks standing, there is no "case or controversy[.]" If there is no "case or controversy[,]" a district court lacks subject-matter jurisdiction. *See Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 476 (1982); *see also Estate of Kerner v. United States*, 895 F.2d 1159, 1162 & n. 3 (7th Cir. 1990), where the Court noted: "'the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim on the legal rights or interests of third parties.'" Even if this Court could award damages for other individuals, such as the poor, the rich, or the needy, as Plaintiff requests in his prayer for relief, he seeks relief for them from the federal government, who is not a party to this action.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

Joseph R. McCrorey
United States Magistrate Judge

February 8, 2012
Columbia, South Carolina

**<u>*The Plaintiff's attention is directed to the important NOTICE on the next page.*</u>**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).