IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, ) | Civil Action No.: 3:12-413-RMG |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Governor Nikki Haley; Mayor Joseph ) | |
| Riley; and General Counsel of SCDMH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On February 9, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice based on its failure to state a claim upon which relief may be granted. (Dkt. No. 8). In the Report and Recommendation, the Magistrate carefully instructed Plaintiff of the deadline for filing objections and the serious consequences of failing to do so. (*Id.* at 7). Plaintiff, nevertheless, failed to file any objections to the Report and Recommendation. As explained herein, the Court adopts the Magistrate's Report and Recommendation in its entirety and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

**LAW/ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

In this case, Plaintiff alleges that he has been involuntarily placed in mental health facilities twice and argues that this is "cruel and unusual punishment, torture to include but not limited malicious prosecution." (Dkt. No. 1 at 2). In his prayer for relief, Plaintiff requests that the federal government make revisions to the laws to protect all American citizens, including the poor, the rich, the needy, and the mute. (*Id.* at 4). As the Magistrate Judge thoroughly explained in his Report and Recommendation, Plaintiff's claim is barred because Plaintiff has not alleged that his civil commitment to a mental health facility has been invalidated, as required by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Further, Plaintiff has not alleged that any of the Defendants were personally involved in any of the events that gave rise to the allegations in this case, and Plaintiff therefore cannot hold the Defendants liable under § 1983. *See Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right.").

## CONCLUSION

The Court adopts the Magistrate's Report and Recommendation in its entirety. Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

AND ~~IT IS SO~~ ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

April 17, 2012